```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

  DANIEL D. FISHER, SR.,           1:18-cv-15143-NLH-AMD

           Plaintiff,              **OPINION**

       v.

  EASTAMPTON BOARD OF
  EDUCATION,

           Defendant.

**APPEARANCES:**

DANIEL D. FISHER, SR.
P.O. BOX 83
PEMBERTON, NJ 08068
    Appearing pro se

**HILLMAN, District Judge**

    Plaintiff, Daniel D. Fisher, Sr., filed a complaint alleging violations of his federal constitutional rights, among other claims, without submitting the required filing fee or filing an application to proceed in forma pauperis ("IFP").[1]

---

[1] This case appears to be similar to a prior case filed by Plaintiff. See Fisher v. Pratt, et al., Civil Action 1:17-13248. In that case, on August 24, 2018, this Court dismissed Plaintiff's claims, but permitted Plaintiff to file a motion for leave to file an amended complaint. (17-13248, Docket No. 21.) On October 10, 2018, this Court denied Plaintiff's subsequently filed motions because on September 7, 2018, Plaintiff withdrew his complaint, and the Court therefore lacked jurisdiction over the matter and his later-filed motions. (17-13248, Docket No. 28.) In that same Order, the Court instructed Plaintiff that if he wished to continue to pursue his case, he must refile the action and pay the $400 filing fee or submit a proper in forma pauperis application. (Id.)

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. The entire fee to be paid in advance of filing a civil complaint is $400. Under Title 28, section 1915 of the United States Code, however, a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application. 28 U.S.C. § 1915(a)(1).

Because Plaintiff has failed to pay the filing fee or submit an IFP application, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[2] Plaintiff will be granted leave to apply to re-open within 45 days by either paying the filing fee or submitting the proper IFP application. An appropriate Order follows.

Date: October 23, 2018          s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).