# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D. FISHER, SR., | 1:18-cv-15143-NLH-AMD |
| Plaintiff, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| EASTAMPTON BOARD OF EDUCATION, | |
| Defendant. | |

**APPEARANCES:**

DANIEL D. FISHER, SR.
P.O. BOX 83
PEMBERTON, NJ 08068
　　Appearing pro se

**HILLMAN, District Judge**

　　WHEREAS, Plaintiff, Daniel D. Fisher, Sr., filed a complaint, titled a "Writ of Error," relating to a state court action Plaintiff instituted against Defendant Eastampton Board of Education because Plaintiff claims that Defendant has channeled storm waters onto his property for many years; and

　　WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court

may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application;[1] and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to

---

[1] Plaintiff's complaint was docketed without an IFP application or the filing fee. (Docket No. 1.) As a result, this Court administratively terminated the action pursuant to Local Civil Rule 54.3. (Docket No. 3.) The Court, however, afforded Plaintiff the ability to reopen the action if he filed an IFP application or paid the filing fee. (Id.) Plaintiff responded that an IFP application accompanied his original complaint, but it was not docketed by the Clerk's Office. (Docket No. 5.) Plaintiff's IFP was thereafter docketed (Docket No. 6), and the Court now considers Plaintiff's IFP application and screens Plaintiff's complaint pursuant to § 1915.

2

dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, Plaintiff alleges a "writ of error" by the New Jersey state court in several ways that has violated his various federal and state constitutional rights, and Plaintiff has brought his claims pursuant to 42 U.S.C. §§ 1983,[2] 1985, and

---

[2] 42 U.S.C. § 1983 provides, in relevant part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

3

1986,[3] which the Court construes to invoke subject matter jurisdiction under 28 U.S.C. § 1331;[4] however,

---

[3] A plaintiff may bring an action under 42 U.S.C. § 1985(3) for conspiracy if he or she can show a conspiracy was formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." The elements of a § 1985(3) claim are "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (internal quotations and citations omitted). To state a claim under § 1986, a plaintiff must show: "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." Clack v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994).

[4] 28 U.S.C. § 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To the extent that Plaintiff pleads a violation of New Jersey state law, including a violation of the New Jersey constitution, Plaintiff has not provided a basis for subject matter jurisdiction independent of the supplemental jurisdiction provided by his federal claims. See 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); id. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction).

WHEREAS, Plaintiff's claims appear to be dismissible under the Rooker-Feldman doctrine,[5] which is derived from the two Supreme Court cases District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and provides that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding, Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey Police Dept., 973 F.2d 169, 177 (3d Cir. 1992); In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005) ("The Rooker–Feldman doctrine prevents 'inferior' federal courts from sitting as appellate courts for state court judgments."); and

WHEREAS, "there are four requirements that must be met for the Rooker–Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments," Great Western Mining & Mineral Co. v. Fox

---

[5] A court has an obligation to *sua sponte* raise the issue of subject matter jurisdiction, which includes the determination of whether the Rooker-Feldman doctrine applies. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 420 (3d Cir. 2003).

5

Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quotations omitted) (discussing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)); and

WHEREAS, if these requirements are met, the Rooker-Feldman doctrine prohibits the district court from exercising jurisdiction; and

WHEREAS, Plaintiff's complaint here asks this Court to review and reconsider the decisions of his prior state court case, which did not terminate in Plaintiff's favor, by resolving the issue raised by Defendant regarding Plaintiff's lack of ownership of the subject property, and reversing the state court's determination that his claims were barred by the applicable statute of limitations (see Docket No. 1 at 3; Docket No. 1-1 at 5; Fisher v. Eastampton Board of Education, 2017 WL 444306, at *3 (N.J. Super. Ct. App. Div. 2017) (affirming the trial court)); and

WHEREAS, Plaintiff's request that this Court reexamine the same claims the state court resolved, and separately assess the propriety of the state court's decisions, would plainly violate the Rooker-Feldman abstention doctrine;[6]

---

[6] Plaintiff cannot obtain a "writ of error" over the disposition of his civil state court case in federal court. Instead, because Plaintiff's claims were subject to final judgment by the New Jersey Supreme Court, Plaintiff's "writ of error" as to the state trial and appellate court's decisions must be directed to the United States Supreme Court. See Lance v. Dennis, 546 U.S.

6

THEREFORE,

IT IS on this     1st     day of  November  , 2018

ORDERED that the Clerk of the Court shall make a separate docket entry re-opening the action; and it is further

ORDERED that Plaintiff's IFP application (Docket No. 6) be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff shall have twenty (20) days to file an amended complaint to assert claims over which the Court may exercise subject matter jurisdiction. If Plaintiff fails to file an amended complaint in such a manner, this case will be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

s/ Noel L. Hillman<br>
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

459, 463 (2006) (explaining that the U.S. Supreme Court is vested, under 28 U.S.C. § 1257, with exclusive jurisdiction over appeals from final state court judgments).