## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DANIEL D. FISHER, SR.,                   1:18-cv-15143-NLH-AMD

        Plaintiff,          **MEMORANDUM
OPINION & ORDER**

    v.

EASTAMPTON BOARD OF
EDUCATION,

        Defendant.

**APPEARANCES:**

DANIEL D. FISHER, SR.
P.O. BOX 83
PEMBERTON, NJ 08068
    Appearing *pro se*

**HILLMAN, District Judge**

WHEREAS, on October 19, 2018, Plaintiff, Daniel D. Fisher, Sr., appearing *pro se*, filed a complaint, titled a "Writ of Error," relating to a state court action Plaintiff instituted against Defendant Eastampton Board of Education because Plaintiff claims that Defendant has channeled storm waters onto his property for many years; and

WHEREAS, Plaintiff had filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, the screening provisions of the IFP statute
require a federal court to dismiss an action *sua sponte* if,
among other things, the action is frivolous or malicious, or if
it fails to comply with the proper pleading standards, see 28
U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448,
452 (3d Cir. 2013); and

WHEREAS, the Court granted Plaintiff's IFP application, but
found that Plaintiff's claims appeared to be dismissible under
the Rooker-Feldman doctrine,[1] which provides that lower federal
courts lack subject matter jurisdiction to engage in appellate
review of state court determinations or to evaluate
constitutional claims that are inextricably intertwined with the
state court's decision in a judicial proceeding, Port Authority
Police Benev. Ass'n, Inc. v. Port Authority of New York and New
Jersey Police Dept., 973 F.2d 169, 177 (3d Cir. 1992); In re
Knapper, 407 F.3d 573, 580 (3d Cir. 2005) ("The Rooker–Feldman
doctrine prevents 'inferior' federal courts from sitting as
appellate courts for state court judgments.") (Docket No. 7);
and

WHEREAS, the Court found that Plaintiff's complaint asks
this Court to review and reconsider the decisions of his prior

---

[1] A court has an obligation to *sua sponte* raise the issue of
subject matter jurisdiction, which includes the determination of
whether the Rooker-Feldman doctrine applies. Desi's Pizza, Inc.
v. City of Wilkes-Barre, 321 F.3d 411, 420 (3d Cir. 2003).

state court case, which did not terminate in Plaintiff's favor, by resolving the issue raised by Defendant regarding Plaintiff's lack of ownership of the subject property, and reversing the state court's determination that his claims were barred by the applicable statute of limitations (see Docket No. 1 at 3; Docket No. 1-1 at 5; Fisher v. Eastampton Board of Education, 2017 WL 444306, at *3 (N.J. Super. Ct. App. Div. 2017) (affirming the trial court)) (Docket No. 7 at 6); and

WHEREAS, the Court also noted that because Plaintiff's claims were subject to final judgment by the New Jersey Supreme Court, Plaintiff's "writ of error" as to the state trial and appellate court's decisions must be directed to the United States Supreme Court. See Lance v. Dennis, 546 U.S. 459, 463 (2006) (explaining that the U.S. Supreme Court is vested, under 28 U.S.C. § 1257, with exclusive jurisdiction over appeals from final state court judgments) (Id. at 6 n.6.); and

WHEREAS, the Court provided Plaintiff with twenty (20) days to file an amended complaint to assert claims over which the Court may exercise subject matter jurisdiction, but ordered that if Plaintiff failed to do so, the case would be dismissed for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(h)(3); and

WHEREAS, Plaintiff responded to the Court's Order, wherein he relates that he never appealed the New Jersey appellate

3

court's decision in his state court case to the New Jersey

Supreme Court, and if this Court's Order was premised on the

notion that Plaintiff had filed an appeal with the New Jersey

Supreme Court, then this Court was misinformed (Docket No. 8);

and

WHEREAS, the Court did not premise its Order on Plaintiff

having filed an appeal with the New Jersey Supreme Court, but

merely intended to note that Plaintiff's remedy for an

unfavorable resolution of his state court case is his right to

appeal – whether exercised or not – through the state appellate

courts, including the New Jersey Supreme Court, and then after

exhaustion of his appeals in the state court, a right to seek

review by the United States Supreme Court; a process that does

not include a right to file a "writ of error" in an inferior

federal court; and

WHEREAS, as the Court explained in the prior Order,

Plaintiff's dissatisfaction with the state court decisions

cannot be advanced in this Court because the claims in his

complaint as currently pleaded are plainly barred by the Rooker-

Feldman doctrine in that he requests this Court to reexamine the

same claims the state court resolved, and separately assess the

propriety of the state court's decisions;

THEREFORE,

IT IS on this ___26th__ day of __November____, 2018

ORDERED that Plaintiff shall have an additional twenty (20) days to file an amended complaint to assert claims over which the Court may exercise subject matter jurisdiction.  If Plaintiff fails to file an amended complaint in such a manner, this case will be dismissed for lack of subject matter jurisdiction.  <u>See</u> Fed. R. Civ. P. 12(h)(3).


                                      s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.