# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D. FISHER, SR., | 1:18-cv-15143-NLH-AMD |
| Plaintiff, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| EASTAMPTON BOARD OF EDUCATION, | |
| Defendant. | |

**APPEARANCES:**

DANIEL D. FISHER, SR.
P.O. BOX 83
PEMBERTON, NJ 08068
   Appearing *pro se*

**HILLMAN, District Judge**

   WHEREAS, on October 19, 2018, Plaintiff, Daniel D. Fisher, Sr., appearing *pro se*, filed a complaint, titled a "Writ of Error," relating to a state court action Plaintiff instituted against Defendant Eastampton Board of Education because Plaintiff claims that Defendant has channeled storm waters onto his property for many years; and

   WHEREAS, Plaintiff had filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); and

WHEREAS, the Court granted Plaintiff's IFP application, but found that Plaintiff's claims appeared to be dismissible under the Rooker-Feldman doctrine,[1] which provides that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding, Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey Police Dept., 973 F.2d 169, 177 (3d Cir. 1992); In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005) ("The Rooker–Feldman doctrine prevents 'inferior' federal courts from sitting as appellate courts for state court judgments.") (Docket No. 7); and

WHEREAS, the Court found that Plaintiff's complaint asks this Court to review and reconsider the decisions of his prior

---

[1] A court has an obligation to *sua sponte* raise the issue of subject matter jurisdiction, which includes the determination of whether the Rooker-Feldman doctrine applies. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 420 (3d Cir. 2003).

2

state court case, which did not terminate in Plaintiff's favor, by resolving the issue raised by Defendant regarding Plaintiff's lack of ownership of the subject property, and reversing the state court's determination that his claims were barred by the applicable statute of limitations (see Docket No. 1 at 3; Docket No. 1-1 at 5; Fisher v. Eastampton Board of Education, 2017 WL 444306, at *3 (N.J. Super. Ct. App. Div. 2017) (affirming the trial court)) (Docket No. 7 at 6); and

WHEREAS, the Court also noted that because Plaintiff's claims were subject to final judgment by the New Jersey Supreme Court, Plaintiff's "writ of error" as to the state trial and appellate court's decisions must be directed to the United States Supreme Court, see Lance v. Dennis, 546 U.S. 459, 463 (2006) (explaining that the U.S. Supreme Court is vested, under 28 U.S.C. § 1257, with exclusive jurisdiction over appeals from final state court judgments) (Id. at 6 n.6.); and

WHEREAS, the Court provided Plaintiff with twenty (20) days to file an amended complaint to assert claims over which the Court may exercise subject matter jurisdiction, but ordered that if Plaintiff failed to do so, the case would be dismissed for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(h)(3); and

WHEREAS, on November 13, 2018, Plaintiff responded to the Court's Order in a letter, wherein he related that he never

3

appealed the New Jersey appellate court's decision in his state court case to the New Jersey Supreme Court, and if this Court's Order was premised on the notion that Plaintiff had filed an appeal with the New Jersey Supreme Court, then this Court was misinformed (Docket No. 8); and

WHEREAS, in response Plaintiff's submission, the Court explained that it did not premise its Order on Plaintiff having filed an appeal with the New Jersey Supreme Court, but merely intended to note that Plaintiff's remedy for an unfavorable resolution of his state court case is his right to appeal – whether exercised or not – through the state appellate courts, including the New Jersey Supreme Court, and then after exhaustion of his appeals in the state court, a right to seek review by the United States Supreme Court; a process that does not include a right to file a "writ of error" in an inferior federal court (Docket No. 10); and

WHEREAS, the Court provided Plaintiff with twenty additional days to file an amended complaint (Id.); and

WHEREAS, in response to the second opportunity to file an amended complaint, on December 12, 2018, Plaintiff filed another letter, where he again asks the Court why it is under the misimpression that he appealed his state court case to the New Jersey Supreme Court, because he did not (Docket No. 13); and

4

WHEREAS, the Court reiterates that it does not have any impression as to whether Plaintiff appealed any of his state court cases to the New Jersey Supreme Court; this Court is not aware that he has, and the Court accepts Plaintiff's representation that he has not; and

WHEREAS, the Court additionally reiterates that the Court's prior Orders did not rely upon the finding that Plaintiff appealed his state court case to the New Jersey Supreme Court; and

WHEREAS, the Court finally reiterates that Plaintiff cannot appeal a state court decision to this Court; and

WHEREAS, after providing Plaintiff with two opportunities to file an amended complaint to assert claims over which the Court may exercise subject matter jurisdiction, Plaintiff has failed to do so;

THEREFORE,

IT IS on this __18th__ day of __December__, 2018

ORDERED that this action be, the same hereby is, DISMISSED for lack of subject matter jurisdiction; and it is further

ORDERED that Plaintiff's "Motions to Arbitrate the Issues" [9, 14] be, and the same hereby are, DENIED AS MOOT.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.